STATE OF MONTANA, ex rel. LLOYD WILLUMSEN, Relator, v. THE CITY OF BUTTE; Vern Griffith, Mayor; THE CITY COUNCIL and BERNARD E. HOLLAND, Treasurer Thereof, Respondents.

No. 10046.

Submitted May 25, 1959. Decided June 10, 1959.

340 Pac. (2d) 535.

Oskar O. Lympus, Missoula, for relator.

Oskar O. Lympus argued orally.

David L. Holland, John L. Peterson, Wm. Geagan, Butte, for respondents.

David L. Holland and John L. Peterson argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding seeking a writ of prohibition or other appropriate writ.

Relator in his petition disclosed that on or about March 1, 1959, he rented a building in Butte, Montana, and proceeded to equip it for a call office for dry cleaning; that he inquired of the officials of the City of Butte concerning a license and was informed that there was no applicable license provided by the City Ordinances, but that he should apply for a messenger license or a dry cleaning and laundry license; that he made application for a dry cleaning and laundry license and tendered payment therefor on March 13; on March 17 he opened his

place of business and was arrested by the City Police on March 18 on a charge of operating a business without a license, was convicted and fined; by letter dated April 8 he was advised by the city treasurer that his license application had been denied by the council on April 1.

Relator further averred that he had expended in excess of $3,000 in preparing the premises for business; that while he was operating the business he took in considerable dry cleaning and it had been necessary to keep the establishment open to return clothes to the customers and that he could not accept additional dry cleaning without being subject to the charge that he was doing business without a license.

Clothes were not cleaned in the office but were removed from the city for that purpose. Relator is married and the father of four children and the business is his only livelihood. A copy of the Ordinance attached to the petition provides that one engaging in the business therein specified shall first apply for and obtain a license and pay the fee therein enumerated. Other than fixing the amount of the license fee to be exacted the Ordinance had no other requirements or regulations with regard to the public health or safety.

Upon his petition, relator prayed for a writ prohibiting the city from interfering with the operation of his business, or that a writ of mandate be issued requiring the city and its treasurer to issue to him the appropriate license upon payment of the proper fee.

An alternative writ was issued from this court *ex parte*, and upon the return day respondents filed a motion to quash the alternative writ on the ground that the petition did not state facts sufficient for the issuance of the writ or granting any relief to the relator.

Without waiver, under the rules of this court, respondents filed answer admitting the incorporation of the City of Butte, the names of its officers, and that the relator had been arrested, convicted and fined. Respondents further alleged that following the date of his conviction relator made no effort to have

his appeal from such conviction set for trial; that the district court could have entertained a petition for an appropriate writ, but that relator made no attempt to secure one from such court. As to the remaining allegations contained in the petition they are answered by general denial, for the most part upon information and belief.

Since this is an original proceeding and no record of any proceedings before the city council were transmitted to us, we allowed counsel great latitude upon the argument in order that the court might be advised fully as to the facts and the law applicable. From the memorandum of authorities submitted and the argument of counsel for the respondents, it appears that they contend (1) that it is incumbent upon the relator to show that the city acted without jurisdiction or in excess of jurisdiction, and that he has no plain, speedy or adequate remedy at law; (2) that resort should have been had to the district court of Silver Bow County in the first instance; (3) that the city has the power, by virtue of express legislative authorization, to grant or refuse licenses for businesses, and that it is presumed that the city acted in the public interest in denying the license. We will discuss these contentions in that order.

As to the first contention, to have jurisdiction the city must have a Licensing Ordinance covering the business sought to be licensed. The Licensing Ordinance No. 2078 of the city provides:

"That * * * it is hereby ordained that every person * * * who shall conduct, operate, transact, engage in, or carry on, any of the industries, trades, pursuits, professions, vocations, or businesses, within the City of Butte, *hereinafter specified and enumerated,* shall first apply for and obtain a license therefor * * *." Emphasis supplied.

So far as we can determine the only specified and enumerated pursuits which could, according to counsel, be applicable in this matter would be "33. Cleaning and Pressing of any kind or character of clothing or hats, etc. $5.00 per year." and "66. Steam or Hand Laundries—each (payable quarterly) $20.00

per year." In our view, neither of these specified and enumerated descriptions fit the business carried on by the relator, who does no cleaning or pressing in his place of business, nor operates any steam or hand laundry therein. We have searched the Ordinance, which is very specific as to each type and kind of business, and contains 118 descriptions, but fail to find any provisions for a license for the type of business being conducted by the relator, nor any general provision for an office or store such as he operates. In our view, therefore, the city does not have an Ordinance licensing relator's type of business and therefore it acted without jurisdiction.

As to the second contention, it is true that this court or the district court has jurisdiction, and on application to this court we accepted jurisdiction.

This court stated in State ex rel. Adami v. Lewis and Clark County, District Court, 124 Mont. 282, 220 Pac. (2d) 1052, 1054:

"The writ of prohibition is one of the remedial writs which this court is empowered to issue under the Montana Constitution and statutes. Art. VIII, sec. 3, Constitution; R.C.M. 1947, sec. 93-214; State ex rel. Scharnikow v. Hogan, 24 Mont. 379, 62 Pac. 493, 51 L.R.A. 958. The writ of prohibition is defined by section 93-9201, R.C.M. 1947, as a writ that 'arrests the proceedings of any tribunal, corporation, board or person, whether exercising functions judicial or ministerial, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board, or person.' The writ may be issued to end litigation and save expense. State ex rel. King v. District Court, 107 Mont. 476, 86 Pac. (2d) 755."

As to the third contention, it is true that section 11-903, R.C.M. 1947, grants city councils the right "to license all industries, pursuits, professions, and occupations," and that section 11-904, R.C.M. 1947, provides that the city council "may refuse to issue licenses when it may deem it best for the public interests." What we have said with regard to the first contention applies here with equal force. In the absence of a Licens-

ing Ordinance, the city is powerless to attempt to exact license fees or to regulate the operation of any business. While counsel argue that the city counsel has interpreted their Ordinance to include the type of business being carried on by relator, we cannot subscribe to that view in considering the plain, unambiguous language of the ordinance.

"It is also a well-known rule of construction that so long as the language of the statute or ordinance is plain or unambiguous, it is not subject to interpretation or open to construction, but must be accepted and enforced as it is written." 23 Am. Jur., Franchises, section 16, pages 725, 727. See also Annotation, 114 A.L.R. 192, and cases cited.

Our Constitution, Art. III, section 27, provides that "No person shall be deprived of life, liberty, or property without due process of law."

In this cause, we have relator attempting to carry on a business which could not be construed as dangerous to health, public safety, sanitation, property or morals, who upon advice of city officials applied for the license he was requested and tendered payment thereof. Counsel for respondents argue that it is their belief that the license was refused because of economic conditions now existing in Butte, Montana, and the fact that there were already sufficient businesses of like nature to provide service to the public. Meritorious as this argument may be, this court is faced with two vital considerations. The first is that in Montana every person has a right to operate a business, subject to the applicable laws of the state and ordinance of the city, and of such property right he may not be deprived without due process of law. The second is that in our opinion the city has no jurisdiction herein because it has no Licensing Ordinance covering the pursuit in which relator is engaged.

In view of the foregoing the motion to quash is denied.

In this cause, relator in his petition prayed for attorney's fees and costs by way of damages as provided by section 93-9112 R.C.M. 1947. We find that the officers of the City of Butte have appeared and made defense herein in good faith, and

the damages by way of attorney's fees and costs shall be a proper claim against the city.

Attorney's fees in the sum of $250 are hereby allowed, together with costs herein expended.

Let the peremptory writ issue. It is so ordered.

MR. JUSTICES ANGSTMAN, ADAIR, BOTTOMLY, and CASTLES, concur.