No. 14753

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

ALBERTSON'S INC., A CORPORATION,

        Petitioner and Respondent,

   -vs-

DEPARTMENT OF BUSINESS REGULATION,
an agency for the State of Montana,

        Respondent and Appellant.

---

Appeal from: District Court of the First Judicial District,
           Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Harrison, Loendorf and Poston, Helena, Montana
        James T. Harrison, Jr., argued, Helena, Montana

    For Respondents:

        Hooks and Budewitz, Townsend, Montana
        Patrick F. Hooks argued, Townsend, Montana

---

Submitted:  September 25, 1979

Decided: OCT 11 1979

Filed:

*Thomas J. Kearney*
                    Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

The question in this appeal is whether the Montana Milk Control Act prohibits a retail grocery chain from purchasing raw milk from a licensed Montana milk distributor, transporting it to its Wyoming plant for processing, and distributing it to its Montana stores for retail sale under its private brand name. The District Court held this proposed activity permissible. We affirm.

Albertson's is a food chain with six retail stores in Montana at the time this controversy arose. It proposes to purchase raw milk from the Gallatin Cooperative Creamery in Bozeman, Montana. This creamery is licensed as a milk distributor under the Montana Milk Control Act. Albertson's would transport this raw milk to its plant in Riverton, Wyoming, for processing. This plant has been granted a permit to distribute wholesale or retail milk and milk products in Montana by the Animal Health Division of the Montana Department of Livestock. The processed milk would then be delivered back to Montana in plastic gallon containers of homogenized and 2% milk. Albertson's would then package and sell it in its retail grocery stores under its private brand name.

In February 1977, Albertson's applied for a milk distributor's license to the Milk Control Division of the Department of Business Regulation. The state agency recommended the license be denied on the ground that Albertson's was essentially a retailer-distributor precluded from licensing as a distributor under the Milk Control Act. Thereafter a hearing was held under the Montana Administrative Procedures Act resulting in a declaratory ruling by the hearing examiner that Albertson's could engage in the proposed activity without a license but subject to all applicable rules of the Department governing transactions between milk distributors and retailers including minimum price regulations of the Board of Milk Control.

On August 23, 1978, the Department of Business Regulation rejected the declaratory ruling of the hearing examiner and issued a declaratory ruling that Albertson's "may not carry out the business it proposes under the current statutory framework" of the Milk Control Act. The grounds of this declaratory ruling were that the Act is intended to control the entire milk industry; that no operation outside the statutory categories of producer, distributor, producer-distributor, or jobber is permitted; and that Albertson's proposed operation did not qualify in any of the four classifications.

Thereafter, Albertson's applied for judicial review of this declaratory ruling to the District Court of Lewis and Clark County. On February 5, 1979, the District Court entered its judgment (1) reversing the declaratory ruling of the Department of Business Regulation, (2) declaring that Albertson's is not required to purchase a milk distributor's license from the Department, and (3) declaring that Albertson's is not precluded from purchasing raw milk from a distributor to process and sell at retail by any provision of the Milk Control Act. The District Court issued a well reasoned written opinion explaining the basis of its judgment. The essence of its rationale was that Albertson's contemplated activity did not make it a distributor subject to licensing under the Milk Control Act and that the Act did not prohibit the proposed activity either expressly or by implication.

On appeal the Department argues that Albertson's proposed operation constitutes them a "distributor" under the Act which requires a license, but they cannot be licensed as such because the Act prohibits them from being both a retailer and a distributor.

Albertson's contends that its proposed operation does not make it a "distributor" under the Milk Control Act nor does the Act require a license or prohibit the contemplated activity.

One collateral matter must be clarified at the outset.

The genesis of the present controversy was Albertson's application for a distributor's license. One of its competitors, the Safeway chain of retail stores, has been licensed as a distributor since 1970 by the Department. It appears to us that the activities of Safeway are essentially the same as Albertson's contemplated activities with minor unimportant variations. Albertson's application for a distributor's license must be viewed in this background. It was simply an attempt by Albertson's to comply with a licensing procedure that had been sanctioned by the Department for several years. Throughout the course of the administrative and judicial hearings in this case, Albertson's has consistently maintained that its contemplated activities do not constitute it a distributor under the Act, but that it is willing to purchase a distributor's license if such is required.

We note that it has been conceded throughout the course of this controversy that Albertson's is not a distributor under the definitions in the Act. Counsel for the department stated at the administrative hearing before the hearing examiner that " . . . It seems . . . quite clear and I can see no purpose in repeating the definitions within the Act that Albertson's cannot qualify as a distributor . . ." and " . . . If in fact Albertson's fit the definition of a distributor, I would have no problem with that. We could issue a distributor's license . . ." The hearing examiner stated that the parties agreed for the purpose of his declaratory ruling that Albertson's could not be a distributor, among other things. The District Court recited in its opinion that both parties conceded that Albertson's is not a distributor within the definitions of the Act and that the sole issue was whether Albertson's is precluded from buying raw milk from a distributor to process and sell over the counter.

The general purpose of the Milk Control Act is to protect

and promote public welfare and to eliminate unfair and demoralizing trade practices in the milk industry. Section 81-23-102, MCA. It was enacted in the exercise of the police powers of the state. Section 81-23-102, MCA. Regulatory authority is vested in the Department of Business Regulation. Section 81-23-103, MCA; section 81-23-101(g), MCA. The general powers of the Department include the following:

> "The department shall supervise, regulate, and control the milk industry of this state, including the production, processing, storage, distribution and sale of milk sold for consumption in this state . . ." Section 81-23-103(1), MCA.

The pertinent licensing provision in the Act states in relevant part:

> " . . . it is unlawful for a producer, producer-distributor, distributor, or jobber to produce, transport, process, store, handle, distribute, buy, or sell milk unless the dealer is properly licensed as provided in this chapter . . ." Section 81-23-201, MCA.

Albertson's admittedly is neither a producer, producer-distributor or jobber. The Act defines a distributor in this language:

> "'Distributor' means a person purchasing milk from any source, either in bulk or in packages, and distributing it for consumption in this state. The term includes what are commonly known as jobbers and independent contractors. <u>The term, however, excludes a person purchasing milk from a dealer licensed under this chapter, for resale over the counter at retail or for consumption on the premises.</u>" (Emphasis added.) Section 81-23-101(h), MCA.

Under the plain language of the exclusion Albertson's is not a distributor because it purchases milk from a licensed dealer for resale over the counter at retail. Albertson's is clearly a retailer under the definition in the Act as it sells milk over the counter in its retail stores. Section 81-23-101(r), MCA.

Nor is the contemplated business activity of Albertson's prohibited by the financing prohibitions in the Act which provide in pertinent part:

> " . . . A producer, producer-distributor, distributor,

or jobber may not be financially interested, either
directly or indirectly, in the conduct or operation
of the business of a retailer . . ." Section 81-23-
305, MCA.

As Albertson's is neither a producer, producer-distributor,
distributor or jobber the financial prohibitions simply do not
apply to it.

The crucial question is whether the legislature intended
to prohibit other forms of business activity in the milk indus-
try not specifically mentioned in the Milk Control Act such as
that contemplated by Albertson's. We affirm and adopt the opinion
of the District Court in analyzing this issue.

In interpreting the Milk Control Act, the court must
ascertain and declare what in terms of substance is contained in
the Act and not insert what has been omitted. Section 1-2-101,
MCA; Security Bank & Trust Co. v. Connors (1976), 170 Mont. 59,
550 P.2d 1313; Dunphy v. Anaconda Company (1968), 151 Mont. 76,
438 P.2d 660. The Court is not justified in supplying omitted
parts of the Act simply because the situation in question was not
foreseen or contemplated by the Legislature. Shelby Community School
District v. Halverson (1968), 26 Iowa 329, 158 N.W.2d 163; Farmers
& Mech. Sav. Bank v. Department of Commerce (1960), 258 Minn. 99,
102 N.W.2d 827. Here the Act gives the department broad powers of
supervision, regulation and control of the milk industry but it
specifies the methods of control and regulation.

We find nothing in the Act either by express language or
by implication that indicates a legislative intent to prohibit
or preclude a business arrangement not specifically mentioned in
the Act. As a general rule, legislation restricting one's right
to pursue a lawful business or profession will be strictly con-
strued in favor of the existence of the right and against the
limitation. Positions, Inc. v. Steel Deck & Siding Co. (1976),
138 Ga.App. 200, 225 S.E.2d 769; Battaglia v. Moore (1953), 128

- 6 -

Colo. 362, 261 P.2d 1017; Clymer v. Zane (1934), 128 Ohio 359, 191 N.E. 123. An analogy is found in State v. City of Butte (1959), 135 Mont. 350, 340 P.2d 535, where we held that the city could not obtain license fees or regulate a business unless specifically provided in an ordinance, even though a statute empowered the city to license _all_ businesses.

The Department argues that a construction of the Act permitting Albertson's contemplated activity will create chaos in the milk industry. This conclusion is dubious in view of the fact that Safeway has conducted a similar operation for several years. Albertson's is still subject to price and health regulations and the Creamery from which it proposes to purchase its raw milk is a licensed distributor subject to the same regulations.

Albertson's has requested us to impose sanctions upon the Department of Business Regulation for a frivolous appeal under Rule 32, M.R.App.Civ.P. We decline. Although we have ruled against the Department in this appeal, its position is well within the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion. Accordingly, the appeal is not frivolous within the meaning of the Rule.

We have noted the peripheral arguments of the Department and have examined the statutes and case authorities submitted in support. None would change our ruling in this case.

We hold that Albertson's is not a distributor under the Milk Control Act and is not prohibited thereunder from purchasing raw milk from a licensed distributor to process and sell at retail as proposed.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices      - 7 -