No. 85-88

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

THE DEPARTMENT OF REVENUE OF THE
STATE OF MONTANA,

        Petitioner and Respondent,

  -vs-

NEW LIFE FELLOWSHIP OF MONTANA,
INC.,

        Respondent and Appellant.

_____

APPEAL FROM:  District Court of the Sixteenth Judicial District,
            In and for the County of Carter,
            The Honorable R. C. McDonough, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Richard O. Harkins, Ekalaka, Montana

      For Respondent:

          Larry G. Schuster, Dept. of Revenue, Helena, Montana

_____

Submitted on Briefs:  July 11, 1985

Decided:  August 1, 1985

Filed: AUG 1 1985

_____

Ethel M. Harrison

Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

New Life Fellowship of Montana, Inc. (New Life) appeals the December 21, 1984, order of the Sixteenth Judicial District Court denying its motion to assess attorney's fees and costs against the Department of Revenue and awarding actual costs in the amount of $28.00 to New Life. We affirm.

New Life is a non-profit Montana organization. It operates a religious and educational facility near Ekalaka, Montana, called Trails End Ranch. The Ranch consists of approximately 80 acres, plus improvements. It is used as a camp for groups of all ages.

On July 24, 1981, New Life applied to the Department of Revenue for a property tax exemption for Trails End Ranch as a religious organization. The application was denied. Application for exemption as an educational institution was also made and denied.

New Life appealed the denial of its exemption request to the State Tax Appeal Board (Board). The Board found on September 22, 1983, that the "clear purpose of the camp is spiritual, moral and ethical training." Board's finding of fact VIII. The Board then concluded that pursuant to Flathead Lake Methodist Camp v. Webb (1965), 144 Mont. 565, 399 P.2d 90, New Life is an educational institution as "its clear purpose is education in nature." Board's conclusion of law #1. Since § 15-6-201(c), MCA, exempts from taxation all property used exclusively for educational purposes, the Board reversed the Department's denial of New Life's request for an exemption.

The Department of Revenue thereafter appealed the Board's decision to the District Court, pursuant to § 2-4-702(1)(a), MCA. The District Court, after considering

2

the six issues raised, dismissed the Department's appeal in an order dated July 2, 1984. That order reserved until a future time consideration of New Life's motion for attorney's fees and costs. That motion was heard on December 4, 1984, following which the District Court judge issued an order denying New Life's motion.

On appeal, New Life raises the following issue:

Whether or not the Department of Revenue's appeal of the Board's decision to District Court constituted a frivolous appeal made in bad faith, thus entitling New Life to costs and attorney's fees under § 25-10-711, MCA?

Section 25-10-711, MCA, states:

"25-10-711. Award of costs against governmental entity when suit or defense is frivolous or pursued in bad faith. (1) In any civil action brought by or against the state, a political subdivision, or an agency of the state or a political subdivision, the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney's fees as determined by the court if:

"(a) he prevails against the state, political subdivision, or agency; and

"(b) the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith.

"(2) Costs may be granted pursuant to subsection 1 notwithstanding any other provision of the law to the contrary."

Section 25-10-711(1)(b), MCA, requires that the District Court find bad faith or a frivolous action by the State before awarding attorney's fees to the opposing party. The District Court found that this appeal was neither frivolous nor made in bad faith. We refuse to substitute our judgment for that of the District Court where the District Court is acting as the trier of fact and there is substantial evidence to support the decision of the District Court. Robinson v. Schrade (Mont. 1985), 697 P.2d 923, 42 St.Rep. 401.

3

New Life's allegations in its reply brief regarding the Department's selective reliance on this scope of review applies equally to New Life, which is appealing a decision of a District Court judge despite the fact that there is substantial evidence to support that decision.

The sixth issue raised to the trial court by the Department questions the Board's retroactive application of New Life's exemption status. The trial court held the retroactive application to be erroneous, stating that only the respondent, and not the previous landowner, is entitled to a refund of taxes paid. Where a position on appeal "is well within the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion", an appeal is not frivolous. Albertson's Inc. v. Department of Business Regulation (1979), 184 Mont. 12, 18, 601 P.2d 43, 46. Obviously, the Department's position on issue number six is "well within the bounds of legitimate argument."

New Life's contention that the appeal was in bad faith because the Department challenged the existing law found in Flathead Lake Methodist Camp, supra, is also unfounded. An appeal of a decision based on a twenty-year-old case is not an appeal made in bad faith. The law is not static. It changes to meet the demands of a changing society. Furthermore, we agree with the District Court's finding that issue one, regarding whether New Life's property is used exclusively for educational purposes within the context of the law, was not resolved by Flathead Lake Methodist Camp, supra. The facts show Trails End Ranch is not a camp identical to the Methodist camp in that case.

Since there is substantial evidence to support the trial court's determination that the Department's appeal was neither frivolous nor made in bad faith, the order denying New

4

Life's motion to assess its attorney's fees against the Department is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

5

Mr. Justice John C. Sheehy, specially concurring:

I concur with the decision of the majority in this case. However, I would rule that the appeal by the Department of Revenue on the education exemption from taxation in this case was frivolous, though the Department did have a legitimate issue for appeal on the question of retroactivity.

<span>John C. Sheehy</span>
Justice

6