No. 85-600

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

STATE OF MONTANA, DEPARTMENT
OF COMMERCE,

Plaintiff and Respondent,

-vs-

GALLATIN DAIRIES, INC., a Montana
general cooperative association, and
ASSOCIATED FOOD STORES, INC., a Utah
corporation,

Defendants and Appellants.

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Thomas Honzel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cok & Wheat; Michael D. Cok argued for Gallatin
Dairies, Bozeman, Montana
Crowley Law Firm; James P. Sites, Billings, Montana
(For Assoc. Food Stores)

For Respondent:

Geoffrey Brazier argued, Dept. of Commerce, Helena,
Montana

Submitted: May 13, 1986

Decided: June 5, 1986

Filed: JUN 5 - 1986

Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Gallatin Dairies (Gallatin) and Associated Food Stores (Associated) appeal the order of the Lewis and Clark County District Court holding that Associated could not purchase milk at jobber prices in Montana.

We affirm.

The appellants raise the following issues on appeal:

1. Did the District Court err in denying appellants' motion to dismiss based upon collateral estoppel?

2. Did the District Court err in determining that Associated must pay wholesale price for milk purchased within Montana?

Gallatin processes and markets milk produced by member dairy farmers and is a licensed distributor under Montana's Milk Price Control Act, § 81-23-101, et seq. MCA (the Act). Associated is a Utah corporation, qualified to do business in Montana. It is owned by various independent retail stores who are members of Associated and it is taxed as a cooperative. Associated buys groceries from manufacturers and brokers, warehouses them, and resells to retailers, both members and nonmembers.

In 1980, Associated petitioned the State for permission to distribute milk. Although it could not be licensed because it did not fit within any license category under the Act, the District Court allowed Associated to distribute milk without a license pursuant to this Court's decision in Albertson's v. Department of Business Regulation (1979), 184 Mont. 12, 601 P.2d 43. Associated purchased no milk in

Montana until April, 1985. Beginning in April, 1985, Associated and Gallatin arranged for Associated to purchase milk from Gallatin at jobber prices and distribute it only to Associated member stores. Jobber prices are 80% of wholesale. Neither Associated nor Gallatin made an application for a special price to the Milk Control Board.

The Department of Commerce, through the Milk Control Bureau, sought a preliminary injunction in the Lewis and Clark County District Court to prevent Gallatin from selling milk to Associated at jobber prices. It also sought a declaratory judgment as to whether wholesale or jobber prices apply to the sales of the milk products in question. Gallatin and Associated moved to dismiss the State's complaint on the ground of collateral estoppel which the District Court denied. After the State withdrew its application for a preliminary injunction, the parties stipulated to submitting the price issue on cross-motions for summary judgment.

After the parties filed briefs, the District Court permitted Ed McHugh, a licensee under the Milk Control Act, to intervene and participate in oral argument. On September 19, 1985, the District Court held that Associated could not purchase milk at jobber prices in Montana, and must pay Gallatin the wholesale price. This appeal followed.

The first issue is whether the doctrine of collateral estoppel bars the District Court from ruling that Associated must purchase milk wholesale prices?

The elements of collateral estoppel are as follows:

(1) the party adversely affected by estoppel has had a full and fair opportunity to litigate the critical issues; (2) the assertion of estoppel by a stranger to the original judgment would create analogous results in the latter case; (3) the

> party affected by estoppel has sound reasons why he
> or she should not be bound by the previous
> judgment; (4) the previous judgment was the result
> of thorough litigation; and (5) there was an
> appeal from the original judgment.

Beckman v. Chamberlain (Mont. 1983), 673 P.2d 480, 481, 40 St.Rep. 2044, 2045.

Appellants argue that Judge Meloy's 1980 decision permitting Associated to distribute milk without a license impliedly decided the issues of this case. Since Associated was allowed to distribute milk at wholesale prices, it must be implied that it may purchase that milk at jobber prices. Any other holding would not make sense. We do not agree.

The District Court correctly found that collateral estoppel did not apply. The party adversely affected by estoppel (the Department) has not had a full and fair opportunity to litigate critical issues of this case because in 1980 Associated represented that it was a retailer and wanted to purchase milk at wholesale prices out of state. Now it wants to purchase milk at jobber prices within the state. Also the assertion of estoppel by Gallatin is an assertion by a "stranger" to the original judgment. The substantive issue in this case (the price at which Associated must purchase milk in this State) was not litigated in the 1980 case. The appeal from the 1980 judgment was dismissed and, therefore, not decided. Collateral estoppel does not bar the Department from litigating this case.

The second issue is whether the District Court erred in determining that Associated must pay the wholesale price for milk purchased in Montana? Resolution of this issue depends upon determining the status of Associated under the Act. Associated claims it does not fit within any category under the Act, but essentially functions as a jobber and is

therefore entitled to jobber prices. The Department argues that Associated is a retailer subject to wholesale prices. We agree with the Department.

A jobber is defined in § 8.79.101(1)(1), A.R.M. as:

> . . . any independent businessman other than a store, wholesale grocery purchasing organization, or wholesale grocery broker, who has no financial connection with any distributor other than acquiring the distributor's packaged product and distributing and selling the same, and whose business practices and policies are within his exclusive province to establish, and not subject to any influence or control from the distributor. (Emphasis added.)

The District Court correctly concluded that because the activity and function of jobber is specifically covered by the Act, one must qualify as a jobber in order to qualify for jobber prices. Associated does not qualify as a jobber. As a wholesale grocery purchasing organization, Associated is precluded from being a jobber by the definition under the regulations. Further § 81-23-305(1), MCA, expressly prohibits a jobber from being financially interested in the conduct or operation of the business of a retailer. Associated is financially interested in the operation of its member stores. In addition, while Associated performs some of the functions of a jobber, that does not make it a jobber. Almost everything that a person in the chain of distribution of milk does is an activity that jobbers perform. Associated still does not fall within the definition of a jobber.

Associated is a retailer. A retailer is defined at § 81-23-101(1)(r), MCA, as:

> . . . a person selling milk in bulk or in packages over the counter at retail or for consumption on the premises and includes but is not limited to retail stores of all types, restaurants, boardinghouses, fraternities, sororities, confectionaries, public and private schools, including colleges and universities, and both

public and private institutions and instrumentalities of all types and description.

Section 8.79.101(1)(n), A.R.M. defines "stores" to mean:

> . . . any grocery . . . or similar mercantile establishment, whether rural or urban, which sells milk over the counter or on the premises to customers at retail, and, unless otherwise distinguished herein, includes chain stores, supermarkets, and <u>wholesale</u> <u>food</u> <u>purchasing</u> <u>organizations</u>. (Emphasis added.)

Clearly, Associated meets the definition of a retailer under the Act and regulations. A retailer includes a "store." A store is defined as including "wholesale food purchasing organizations."

Because Associated is a retailer and not a jobber, the District Court correctly concluded that "the correct price for transactions between Gallatin Dairies and Associated Foods is the wholesale price.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

- 6 -