No. 03-041

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 30

RICHARD H. OSTERGREN, c/o CITY DISPOSAL
and BFI WASTE SYSTEMS,

        Petitioners and Appellants,

    v.

DEPARTMENT OF REVENUE,

        Respondent and Respondent.

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDV 2001-228,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                James P. Sites, Crowley, Haughey, Hanson, Toole & Dietrich, P.L.L.P.,
Billings, Montana

                C. W. Stocker, III, Whitaker, Chalk, Swindle & Sawyer, L.L.P., Fort Worth,
Texas

        For Respondent:

                Daniel J. Whyte, Stephen R. McCue, Special Assistant Attorneys General,
Montana Department of Revenue, Helena, Montana

Submitted on Briefs:  July 17, 2003

Decided:   February 17, 2004

Filed:

_____

                    Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Appellants, Richard Ostergren, c/o City Disposal and BFI Waste Systems (BFI), appeal from an Order on Petition for Judicial Review, affirming a State Tax Appeal Board (STAB) decision issued by the First Judicial District Court, Lewis and Clark County. We affirm.

## BACKGROUND

¶2     In 1997, the Montana Department of Revenue (DOR) reappraised class three, four and ten properties statewide and significant market value increases resulted. Responding to these increases, the 1997 Montana Legislature passed Senate Bill 195 which required a phase-in of market value at a two percent rate per year of the total change in valuation between the 1996 base year (value before reappraisal or VBR) and the reappraisal value. In order to provide enough time to conduct the phase-in, the Legislature granted the DOR an additional ninety days from the usual May 31 assessment date to reappraise properties and implement the phase-in. DOR mailed the reappraisals on August 31, 1997.

¶3     In 1996, DOR sent BFI an assessment notice for its Missoula landfill with a total value of $257,310 (1996 tax year assessment). However, in 1997 during the statewide reappraisal, DOR discovered that, in 1995, BFI invested approximately $12 million in its Missoula landfill. DOR considered this investment in the reappraisal of BFI's property. When complying with Senate Bill 195, it sent BFI a 1997 Assessment Notice that had a market value of $7,398,949 with a 1996 VBR of $5,281,713 instead of the original 1996 tax year assessment of $257,310. The 1997 Assessment Notice reflected the 1996 value of the

2

property with the addition of BFI's 1995 investment, in accordance with § 15-8-601, MCA (1997).

¶4     On October 24, 1997, BFI appealed the DOR's 1997 assessment of the value of the Missoula landfill to the Missoula County Tax Appeal Board (CTAB). It based its appeal on the value being in excess of market value and the method of appraisal as incorrect for that type of property. BFI did not mention any specific objection to the property's 1996 VBR. CTAB denied BFI's 1997 appeal on January 8, 1998. Subsequently, BFI appealed to STAB on January 21, 1998.

¶5     On October 22, 1999, BFI appealed its 1999 Assessment Notice to CTAB based on the same reasons as the 1997 appeal. CTAB modified the valuation on December 30, 1999, and BFI subsequently appealed to STAB on February 1, 2000. STAB heard both appeals from November 27 to December 1, 2000, and issued its opinion on February 9, 2001, ordering valuations of $2,138,000 for 1997 and $2,239,000 for 1999. However, in its 2001 Order, STAB made no decision regarding the accuracy of the 1996 VBR, specifically stating that it had "not taken testimony to establish if the DOR's evaluation of the VBR is accurate." During the hearing process, STAB entertained arguments regarding BFI's claim of sanctions, attorney fees and costs against DOR, however, it stated that such awards went beyond its jurisdiction.

¶6     Upon judicial review, the DOR contested STAB's 1997 and 1999 valuations for the subject property. BFI contested the 1996 VBR and sought award of sanctions, attorney fees and costs. In response to DOR's contest, the District Court affirmed STAB's valuation

decision, finding that DOR failed to present any adequate reason to alter such values. In response to BFI's contested issues, the District Court found that BFI's objection to the 1996 VBR was inappropriately before the court, because the issue was never properly raised in front of STAB. Thus, the District Court found that there was nothing to review because it had no such authority to consider the issue.

¶7 The District Court affirmed STAB's 2001 Order and did not award sanctions, attorney fees and costs against the DOR. It is from this Order that BFI appeals. The following three issues are on appeal:

¶8 1. Did the District Court err when it concluded that the 1996 VBR issue was not properly before the STAB?

¶9 2. Did the District Court err by not insuring that the DOR comply with the Montana Constitution and §§ 15-7-103 and 15-9-101, MCA, requiring the DOR to treat taxpayers equally?

¶10 3. Did the District Court err when it concluded that the DOR was not subject to sanctions in accordance with § 25-10-711, MCA?

## STANDARD OF REVIEW

¶11 A district court reviews an administrative decision in a contested case to determine whether the findings of fact are clearly erroneous and whether the agency correctly interpreted the law. *O'Neill v. Department of Revenue*, 2002 MT 130, ¶ 10, 310 Mont. 148, ¶ 10, 49 P.3d 43, ¶ 10. We employ the same standards when reviewing a district court order affirming or reversing an administrative decision. *O'Neill*, ¶ 10.

4

## DISCUSSION

## ISSUE ONE

¶12 Did the District Court err when it concluded that the 1996 VBR issue was not properly before the STAB?

¶13 BFI contends that the 1996 VBR issue was properly before STAB and the District Court, and asserts the only proper lawful tax assessment made for 1996 was $257,310, as issued by DOR in 1996. Thus, it claims the 1996 VBR should be the original figure as issued by the DOR in 1996 and not the arbitrary number used to compute the 1997 tax assessment. BFI states that when it appealed the 1997 and 1999 assessments, it consistently put the 1996 VBR at issue because it insisted, throughout, on having the 1996 tax year assessment instated as $257,310. It also maintained numerous iterations of arguments regarding DOR's non-compliance with § 15-8-601, MCA, when DOR reappraised BFI's property after the 1995 $12 million improvements to the landfill. Finally, BFI refers to the 65-page STAB decision to support its contention that the 1996 VBR was in front of STAB because the opinion specifically delineated "1996 Value Before Reappraisal" as an issue.

¶14 Conversely, the DOR requests that this Court affirm the District Court's decision that the VBR was never before the STAB, and thus neither STAB nor the District Court have authority to determine the accuracy of the 1996 VBR. The DOR suggests the only time the VBR was in front of STAB was during consideration of a Motion to Abate filed by BFI to instate the 1996 tax year value of $257,310. However, STAB had denied that motion, therefore it had not taken testimony on that issue. Thus, DOR argues that neither party

5

engaged in any substantive fact-finding in order to present arguments for STAB to determine the correct 1996 VBR. DOR also highlights several opportunities in which BFI could have made the 1996 VBR an issue before STAB, but declined to do so, such as the following: (1) testimony from DOR attorneys during the hearing on sanctions that the DOR wanted to include the VBR as an issue for determination before STAB; (2) the testimony of Larry Allen, DOR attorney responsible for implementation of the rules for the VBR, urging BFI during the summer and fall of 1999 to include the VBR as an issue in front of STAB; (3) Mr. Allen's uncontroverted testimony that BFI never committed to making the VBR an issue; and (4) BFI's resistance to amend its complaint to include determination of the correct VBR as an issue in front of STAB.

¶15 As a preliminary matter, a district court's review function of an agency determination is limited to determining whether the agency's findings of fact were clearly erroneous and whether the agency correctly interpreted the law. *See O'Neill*, ¶ 10. Parties must raise issues and present and develop evidence at the agency level. A district court has no authority to address new evidence on judicial review of agency determinations. As such, this Court is bound by the same limited scope of review. *See O'Neill*, ¶ 10.

¶16 Section 15-15-102, MCA, requires a taxpayer to "state the facts upon which it is claimed the reduction should be made" when appealing to CTAB. Section 15-15-103, MCA, requires that taxpayers must exhaust remedies available at the county level before it can appeal to the state board. Once a taxpayer appeals to STAB, the notice of appeal must include the action complained of and the reasons assigned for the complaint. Section 15-2-

301, MCA. While BFI's 1997 and 1999 appeals to CTAB both generally state that the appraised values were in excess of the market value and the appraisal method was incorrect, it never specifically challenged the 1996 VBR. BFI's appeal to STAB does not specifically state its contention with the 1996 VBR, merely asserting that CTAB "failed to recognize the inadequacies of the valuation method." Moreover, the Missoula County Tax Appeal Board Discussion and Decision does not indicate that the CTAB reviewed the accuracy of the 1996 VBR.

¶17    BFI claims that STAB's delineation of the "1996 Value Before Reappraisal" as an issue in its decision translates into the issue being properly before STAB. However, BFI neglects to recognize that the STAB opinion spends less than two pages dismissing the 1996 VBR as an issue before it, because STAB found that DOR complied with § 15-8-601, MCA, when reappraising the property in 1997. Furthermore, this decision recognized that there had been no testimony regarding the 1996 values to determine accuracy, therefore, it had not been an issue in front of STAB.

¶18    This Court is particularly mindful that the District Court could only have reversed or modified STAB's decision if it concluded that BFI's rights had been prejudiced due to erroneous administrative findings based on the evidence in the record. *See O'Neill*, ¶ 22. It could not have substituted its own judgment for that of STAB's decision. Section 2-4-704(2), MCA. We have stated that "it is not a judicial function to act as an authority on taxation matters." *Dept. of Revenue v. Grouse Mt. Development* (1985), 218 Mont. 353, 355, 707 P.2d 1113, 1115. The STAB has the expertise to address such issues, and we will

7

uphold its decisions unless there is a clear showing of an abuse of discretion. *Grouse Mt. Development*, 218 Mont. at 355-56, 707 P.2d at 1115. This Court concludes that STAB addressed the issues in front of it, and the 1996 VBR was not one of them, therefore we affirm the District Court's decision not to address this issue on judicial review.

ISSUE TWO

¶19    Did the District Court err by not insuring that the DOR comply with the Montana Constitution and §§ 15-7-103 and 15-9-101, MCA, requiring the DOR to treat taxpayers equally?

¶20    We said in *Roosevelt v. Montana Dept. of Revenue*, 1999 MT 30, 293 Mont. 240, 975 P.2d 295, that:

> The combined effect of [Article VIII, Section 3 of the Montana Constitution, §§ 15-7-112 and 15-9-101(1), MCA] requires standardized appraisal methods throughout the state with the ultimate goal that the valuation of taxable property be equalized among the various counties in the state and among individual taxpayers.

*Roosevelt*, ¶ 23. Furthermore, we explained in *Albright v. State* (1997), 281 Mont. 196, 933 P.2d 815, that DOR's methods of assessing property are by no means perfect, and equalization of values may be based upon divergent circumstances of similarly situated taxpayers. *See Albright*, 281 Mont. at 211-13, 933 P.2d at 824-26. Here, BFI alleges that the DOR has taxed their property differently and unequally to another landfill located in Great Falls, Montana. Ironically, BFI's request to instate the original 1996 tax year assessment of $257,310 seems to actually create unequal treatment among taxpayers by granting BFI a much less tax liability than others similarly situated for the year of 1996.

8

¶21 DOR counters, and we agree, that while the two properties–BFI and the landfill in Great Falls–are both landfills, there are numerous distinct factors that go into assessing tax liabilities for these properties. We affirm the District Court's decision on this issue.

ISSUE THREE

¶22 Did the District Court err when it concluded that the DOR was not subject to sanctions in accordance with § 25-10-711, MCA?

¶23 In a civil action by or against the state, the opposing party is entitled to costs and reasonable attorney fees if the party prevails against the state and the district court finds that the state's claim was frivolous or pursued in bad faith. Section 25-10-711, MCA; *Jones v. City of Billings* (1996), 279 Mont. 341, 344, 927 P.2d 9, 10-11. Here, BFI prevailed against DOR in that STAB valued the property in accordance with arguments urged by BFI as opposed to DOR, thus satisfying § 25-10-711(1)(a), MCA. Therefore, BFI would be entitled to attorney fees pursuant to § 25-10-711(1), MCA, if the DOR's claim was frivolous or in bad faith pursuant to § 25-10-711(1)(b), MCA. A claim is frivolous or in bad faith under § 25-10-711(1)(b), MCA, when it is "outside 'the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion.'" *See Jones*, 279 Mont. at 344, 927 P.2d at 11 (quoting *Armstrong v. State, Dept. of Justice* (1991), 250 Mont. 468, 469-70, 820 P.2d 1273, 1274).

¶24 Here, the District Court found that none of DOR's actions rose to the level of frivolity or bad faith. BFI asserts that DOR willfully mishandled the escaped property assessment statute as applied to BFI, it misapplied the VBR and it misapplied the phase-in provisions.

9

Additionally, DOR would not refund the inappropriately assessed taxes in bad faith. BFI asserts that it should be awarded attorney fees and costs because it never would have appealed the valuation if DOR had not ignored the 1996 value for VBR purposes causing its tax bill to increase by fourteen times, thus it would have saved BFI the almost $500,000 of needlessly incurred costs and fees in the present litigation.

¶25     As this Court said in *Department of Revenue v. New Life Fellowship* (1985), 217 Mont. 192, 703 P.2d 860, we will not substitute our judgment for that of a district court where the district court is acting as the trier of fact and there is substantial evidence to support its decision. *New Life Fellowship*, 217 Mont. at 194, 703 P.2d at 862. BFI disagreed with DOR on the valuation of its property in 1997 and 1999 and the appeals process is available for such situations. Simply because a taxpayer does not agree with DOR's valuation of property does not entitle a taxpayer to attorney fees and costs. This type of disagreement is completely within the bounds of a bona fide difference of opinion, therefore not frivolous. *See Albertson's Inc. v. Dept. of Bus. Reg.* (1979), 184 Mont. 12, 18, 601 P.2d 43, 46.

¶26     BFI also maintains that DOR failed to follow proper procedure regarding the escaped assessment of the 1996 valuation in accordance with § 15-8-601, MCA. Roberta Cross Guns, DOR counsel, provided undisputed testimony that she requested a conference with BFI regarding the escaped assessment, however, BFI counsel never contacted DOR counsel with specific dates for such conference. Furthermore, it is well within the rights of DOR to correct erroneous assessments for up to ten years. *See Evans Products Co. v. Missoula*

*County* (1982), 201 Mont. 337, 654 P.2d 523.  Therefore, we affirm the District Court's

denial of BFI's request for sanctions, attorney fees and costs.


/S/ JIM REGNIER


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART