FILED

06/14/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0695

DA 15-0695

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 146

EDWARD ZABROCKI,

        Petitioner and Appellant,

    v.

THE TEACHERS' RETIREMENT SYSTEM
OF THE STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2014-471
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Scott M. Svee, Jackson, Murdo & Grant, P.C., Helena, Montana

        For Appellee:

            Denise Pizzini, Teachers' Retirement System, Helena, Montana

Submitted on Briefs:  May 11, 2016

Decided:  June 14, 2016

Filed:

_____
               Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Edward Zabrocki appeals the District Court's September 28, 2015 Order on Petition for Judicial Review. We affirm.

¶2 We restate the issue on appeal as follows:

*Did the District Court err in affirming the decision of the Teachers Retirement Board denying motions for summary judgment and remanding for an evidentiary hearing?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Zabrocki began receiving Teachers Retirement System (TRS) retirement benefits in 2007. In February 2012 TRS notified Zabrocki of its determination that he did not qualify for those benefits and that he was liable to reimburse TRS for the amounts it paid. Zabrocki requested an administrative review, and the TRS Board concurred with the staff determination. In January 2013 Zabrocki requested a contested case hearing with TRS.

¶4 TRS appointed a hearing examiner who issued a scheduling order. In August 2013, before the hearing was held, both Zabrocki and TRS moved for summary judgment. In November 2013 the hearing examiner issued a proposed order granting the TRS motion for summary judgment and denying Zabrocki's motion. Zabrocki filed exceptions to the hearing examiner's proposal and the TRS Board heard oral argument on February 21, 2014. At the conclusion of the argument the acting chair of the TRS Board stated that the Board considered the summary judgment issues submitted for final decision; that a written decision would be prepared by outside counsel; and that the final decision would be adopted at a subsequent meeting of the TRS Board.

2

¶5     On May 16, 2014, the TRS Board issued its order on the motions for summary judgment. The Board found that there were disputes as to material facts precluding summary judgment to both parties. The Board remanded the matter to the hearing examiner for an evidentiary hearing. Zabrocki petitioned for judicial review on June 13, 2014, contending that TRS violated the requirement of § 2-4-623(1)(a), MCA, that a final decision in a contested case must be issued within "90 days after a contested case is considered to be submitted for a final decision." Zabrocki contended that since the TRS did not issue a final decision within 90 days, but rather an interim decision denying the motions for summary judgment, the TRS reimbursement claim against him should be dismissed with prejudice.

¶6     On judicial review in the District Court, Zabrocki argued that while the TRS decision was issued within 90 days of the oral argument on the motions for summary judgment, the decision was not a "final order" as required by statute. He further argued that immediate review was appropriate under § 2-4-701, MCA, because waiting for a final agency decision would not provide him an adequate remedy.

¶7     The District Court agreed with the determination of both parties that the TRS order of May 16 was "not a final order." The District Court noted that under Montana law a decision denying a motion for summary judgment is not deemed to be a final decision for purposes of appeal. The District Court further noted that inherent in summary judgment practice is the possibility that the decision maker will determine that material facts remain in dispute thereby precluding summary judgment. The District Court determined that the matter the TRS Board deemed submitted for a final

3

determination on May 16 was "the issues raised on summary judgment" and not the entire dispute. Since the TRS Board issued a decision on the summary judgment motions by denying them both and sending the matter back for evidentiary hearing, the District Court concluded that the Board met "any time requirement for issuing an order."

¶8 The District Court concluded that "[s]imply put, there is more to be done at the agency level"; that Zabrocki had not exhausted his administrative remedies; and that the TRS had not issued a final decision. The District Court denied Zabrocki's request to immediately review the agency decision on the ground that waiting for a final decision would not provide him an adequate remedy. The District Court concluded that none of Zabrocki's justifications for immediate review were sufficient.

¶9 Zabrocki appeals.

**STANDARD OF REVIEW**

¶10 Section 2-4-704, MCA, governs a district court's review of an agency action, and the district court may "affirm the decision of the agency or remand the case for further proceedings." The district court reviews an agency's interpretations and applications of law to determine whether they are correct. *Knowles v. Lindeen*, 2009 MT 415, ¶ 22, 353 Mont. 507, 222 P.3d 595. We review a district court order reviewing an agency action by employing the same standards that the district court used to review the agency decision. *Ostergren v. Dep't of Revenue*, 2004 MT 30, ¶ 11, 319 Mont. 405, 85 P.3d 738.

## DISCUSSION

¶11    *Issue: Did the District Court err in affirming the decision of the Teachers Retirement Board to deny motions for summary judgment and to remand for an evidentiary hearing?*

¶12    Zabrocki's arguments on appeal rest upon application of § 2-4-623, MCA, which governs an administrative agency's final orders in contested cases. He relies upon that portion of the statute that requires that "a final [agency] decision must be issued within 90 days after a contested case is considered to be submitted for a final decision . . . ." Section 2-4-623(1)(a), MCA. Zabrocki does not contend that the Board made a decision after 90 days had elapsed. Rather, he argues that the statute required the Board to make a "final decision" within 90 days after the oral argument on the exceptions to the hearing examiner's proposed decision. He argues that the Board violated the statute by making an interim decision denying summary judgment and remanding the case for an evidentiary hearing.

¶13    Zabrocki contends that § 2-4-623(1)(a), MCA, requires that an agency make a final decision when an issue is submitted for decision, regardless of the procedural posture of the case. This is a patently unreasonable construction of the statute. In this case, for example, it would require an agency to make a final decision in a case that it is not even ripe for summary judgment. Adopting Zabrocki's position would increase the danger of decisions made upon incomplete factual records, to the detriment of all participants. A primary objective of the contested case proceedings under the Administrative Procedure Act is to ensure fairness to all parties; to insure that orderly procedures are followed; and to insure that decisions are made upon a presentation of all

5

relevant facts. Section 2-4-612, MCA. Adopting a rule requiring a decision regardless of the posture of the case would frustrate these goals set by the Legislature.

¶14    Furthermore, the necessity for completion of the administrative contested case process before the agency is required to make a decision is expressly reflected on the face of the statute. Section 2-4-623(1)(a), MCA, requires an agency to make a final decision within 90 days "after a contested case is considered to be submitted for a final decision." This is an express direction that the administrative proceedings be completed to the point that submission for a final decision is the next step. It does not require the agency to issue a final decision simply because one or both parties have filed summary judgment motions which have been denied.

¶15    Zabrocki has not demonstrated any support for his position, either on the face of the statute or in case law. Adopting such a construction of the statute would not advance the interests of any of the parties to administrative contested case proceedings. Clearly the Board did not consider the case to be "submitted for a final decision" as required by § 2-4-623(1)(a), MCA. A decision denying a motion for summary judgment is not a final disposition of a case. *In re Prison Riot Litigation*, 283 Mont 277, 280, 939 P.2d 1013, 1016 (1997).

¶16    Administrative proceedings, like civil litigation in district court, have steps and stages to pass through before they are ready for a final decision. An administrative action is not ripe for judicial review if it is "merely a step that could lead to a recommended change of the status quo." *Qwest Corp. v. Montana PSC*, 2007 MT 350, ¶ 21, 340 Mont.

6

309, 174 P.3d 496. As the District Court accurately summarized, "there is more to be done at the agency level."

¶17 Zabrocki also contends that he was entitled to review of the Board's decision under § 2-4-701, MCA. That statute provides for review of a "preliminary, procedural or intermediate" agency action if waiting for review of the final agency decision "would not provide an adequate remedy." This statute envisions judicial review of intermediate agency action when that action has an "actual or immediately threatened effect." *Qwest*, ¶ 32.

¶18 Zabrocki argues that immediate review under § 2-4-701, MCA, was appropriate because the TRS Board's failure to issue a final decision as required by § 2-4-623 (1)(a), MCA (the 90-day decision requirement), has denied him the "protection" afforded by the latter statute. As discussed above, the Board has not violated the requirements of § 2-4-623(1)(a), MCA. There is no basis for Zabrocki to rely upon that statute as a justification for immediate judicial review of an interim agency action.

## CONCLUSION

¶19 The District Court properly applied the law to the facts here to determine that the TRS Board did not violate the final agency decision requirement of § 2-4-623(1)(a), MCA.

¶20 Affirmed.

/S/ MIKE McGRATH

7

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JIM RICE