FILED

05/02/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0719

DA 16-0719

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 102N

OLIVER W. ARLINGTON,

      Petitioner and Appellant,

    v.

MILLER'S TRUCKING, INC., a Montana Corporation,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Third Judicial District,
In and For the County of Granite, Cause No. DV-11-11
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Oliver W. Arlington, self-represented, Philipsburg, Montana

      For Appellee:

          Brian J. Smith, Tessa A. Keller, Garlington, Lohn & Robinson, PLLP,
Missoula, Montana

Submitted on Briefs:  April 19, 2017

Decided:  May 2, 2017

Filed:

                                        _____
                                              Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellant, Oliver W. Arlington, appeals from the District Court's order affirming the "2015 Remand: Final Agency Decision" entered by the Department of Labor and Industry Hearing Officer regarding Arlington's wage claims, following this Court's remand.

¶3     This is the third appeal brought to the Court in this matter. To summarize, Arlington filed a claim for $25,568.32 in wages and $46,101.81 in overtime wages against Appellee Miller's Trucking, Inc. These wages were allegedly earned during his employment, between September 2008 and August 2009, as a log truck driver and loader operator. These wages claims were based upon an asserted oral agreement that he would earn between $60,000 and $70,000 per year. After a contested case hearing, the Hearing Officer found that Arlington's claims were not supported by substantial evidence and dismissed them. This decision was upheld by the District Court upon judicial review. On appeal, this Court determined that Arlington should be permitted to secure additional discovery and that he was not an exempt employee under the Fair Labor Standards Act. We reversed and

2

remanded for further proceedings. *Arlington v. Miller's Trucking*, 2012 MT 89, ¶ 46, 364 Mont. 534, 277 P.3d 1198.

¶4 On remand, Arlington introduced additional evidence but the Hearing Officer determined his wage claim, between $60,000 and $70,000 per year, and his overtime claim were still not supported by substantial evidence. Again the Hearing Officer's decision was affirmed by the District Court upon judicial review. On the second appeal, this Court affirmed the Hearing Officer's determination, regarding the asserted oral agreement, but held a heavier burden of proof than permitted by law, for establishing the number of hours worked, had been applied to Arlington. We also held the finding that Arlington had never worked more than 40 hours per week was clearly erroneous. The Court partially reversed and remanded for further proceedings regarding Arlington's claim for overtime pay. *Arlington v. Miller's Trucking*, 2015 MT 68, ¶ 37, 378 Mont. 324, 343 P.3d 1222 (hereinafter *Arlington II*).

¶5 In the "2015 Remand: Final Agency Decision," the Hearing Officer accepted Arlington's position about the hours he claimed to have worked. The Hearing Officer performed lengthy calculations to determine a baseline hourly wage based upon Arlington's 25% load rate, which this Court affirmed in *Arlington II*, pursuant to the analogous "pieceworker" method of wage calculation. Admin. R. M. 24.16.2512(2)(b). The Hearing Officer ensured Arlington would be paid at least the minimum wage for each hour he worked, correcting the weeks in which the number of hours and the gross wage resulted in wages less than minimum wage. The Hearing Officer determined that Arlington

3

was owed $7,417.39 in earned and unpaid overtime and minimum wage amounts, as well as a penalty of 110% of wages owed. In the event Miller's Trucking paid the wages owing to Arlington within 30 days, the Hearing Officer determined that a reduced penalty of 55% would instead be applicable. Arlington requested judicial review of the "2015 Remand Order: Final Agency Decision." The District Court affirmed.

¶6   On appeal, Arlington disputes the Hearing Officer's calculation of wages due, particularly the interpretation and use of the "pieceworker" method of wage calculation, which he argues violates the Court's remand instructions in *Arlington II*, and the Hearing Officer's determination that a reduced penalty of 55% of the wages due was permissible. He asks for wages in the amount of $37,255.05, a 110% penalty, costs, and attorney fees.

¶7   "The same standards used by the district court are applied when reviewing a district court order affirming or reversing an agency decision." *Arlington II*, ¶ 10 (citing *Ostergren v. Dep't of Revenue*, 2004 MT 30, ¶ 11, 319 Mont. 405, 85 P.3d 122). We determine whether the agency's findings of fact are supported by substantial evidence and whether the agency determined the law correctly. *Arlington II*, ¶ 10. "A reviewing body's standard on review 'is not whether there is evidence to support findings different from those made by the trier of fact, but whether substantial credible evidence supports the trier's findings.'" *Blaine County v. Stricker*, 2017 MT 80, ¶ 26, ___ Mont. ___, ___ P.3d ___ (quoting *Schmidt v. Cook*, 2005 MT 53, ¶ 31, 326 Mont. 202, 108 P.3d 511). "'Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion. It consists of more [than] a mere scintilla of evidence but may be less than a preponderance.'"

4

*Blaine County*, ¶ 26 (quoting *State Pers. Div. v. Child Support Investigators*, 2002 MT 46, ¶ 19, 308 Mont. 365, 43 P.3d 305).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court did not err in affirming the Hearing Officer's findings of fact, as supported by substantial evidence, or by affirming the Hearing Officer's interpretation and application of the law regarding the wage calculation and the applicable penalty. Miller's Trucking requests attorney fees on appeal, citing § 39-3-214, MCA. However, the judgment entered by the District Court did not include an award of attorney fees, and this issue was not cross-appealed.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR