No. 90-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

BRADLEY H. ARMSTRONG,

Petitioner and Appellant,

v.

STATE OF MONTANA, DEPARTMENT
of JUSTICE,

Respondent and Respondent.



APPEAL FROM:   District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael F. Keedy, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Erik Rocksund, Columbia Falls, Montana

For Respondent:

Ed Corrigan, Deputy Flathead County Attorney,
Kalispell, Montana; Mark Racicot, Attorney General;
Peter Funk, Assistant Attorney General, Helena,
Montana

Submitted on Briefs:  August 23, 1990
Decided:  November 1, 1990

Filed:

Clerk

Justice John C. Sheehy delivered the Opinion of the Court.

Bradley H. Armstrong appeals from an order of the District Court of the Eleventh Judicial District, Flathead County, denying Armstrong's request that his right to drive be reinstated. We reverse the District Court.

The sole issue raised on appeal is whether the District Court erred in its upholding of the implied consent suspension of Armstrong's driver's license in light of the State's concession that the arresting officer lacked legal basis to stop Armstrong's vehicle.

In the early hours of February 21, 1990, Columbia Falls Police Officer Dale Stone made a stop of Bradley H. Armstrong's vehicle. Armstrong was subsequently arrested for being in actual physical control of a vehicle while under the influence of alcohol, in violation of § 61-8-401, MCA. Armstrong refused to submit to a chemical test of his breath to determine blood alcohol content, and his license was seized pursuant to § 61-8-402, MCA, the implied consent law.

The D.U.I. charge was dismissed shortly thereafter, as the State conceded that the arresting officer did not have reasonable grounds to stop Armstrong's vehicle.

On February 27, 1990, Armstrong filed an appeal and petition to reinstate his license pursuant to § 61-8-403, MCA. In the March 19, 1990 hearing, Armstrong stipulated to his refusal to submit to a breathalyzer test after the arrest. The State stipulated the

officer did not have reasonable grounds to stop Armstrong. However, the State contended that probable cause developed after the stop to indicate that Armstrong was driving under the influence of alcohol. The State attempted to frame the issue as whether the officer, in his role as a public safety officer, had a valid investigative or safety reason to stop Armstrong as he drove down an alleyway at 2:30 a.m., from which reasonable grounds subsequently developed to arrest Armstrong for D.U.I. Alternatively, the State argued the license suspension provision of § 61-8-402, MCA, to be an administrative act, separate and distinct from the criminal offense. The District Court concurred with the State's latter approach, and ruled from the bench that suspension under § 61-8-402, MCA, "is an administrative act that doesn't depend for its execution upon the lawfulness of the initial stop," and therefore denied Armstrong's petition. This appeal resulted.

This Court has stated previously that refusal to submit to a chemical test for blood alcohol content is an issue separate and distinct from the criminal action of driving while intoxicated. Gebhardt v. State (1989), 238 Mont. 90, 775 P.2d 1261; In re Blake (1986), 220 Mont. 27, 712 P.2d 1338; Petition of Burnham (1985), 217 Mont. 513, 705 P.2d 603. The suspension of a license is subject to review under § 61-8-403, MCA, which states:

> The department shall immediately notify any person whose license or privilege to drive has been suspended or revoked, as hereinbefore authorized, in writing and such person shall have the right to file a petition within 30 days thereafter for a hearing in the matter in the district court in the county wherein such person resides

or in the district court in the county in which this arrest was made. Such court is hereby vested with jurisdiction and it shall be its duty to set the matter for hearing upon 10 days' written notice to the county attorney of the county wherein the appeal is filed and such county attorney shall represent the state, and thereupon the court shall take testimony and examine into the facts of the case, except that <u>the issues shall be limited to whether a peace officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle upon ways of this state open to the public, while under the influence of alcohol, whether the person was placed under arrest, and whether such person refused to submit to the test.</u> The court shall thereupon determine whether the petitioner is entitled to a license or is subject to suspension as heretofore provided. (Emphasis added.)

In a district court's review of the propriety of the license suspension for failure to submit to a chemical test, the only determinations to be made by the court are:

(1) <u>whether the arresting officer had reasonable grounds to believe the following:</u>

(a) that the petitioner had been driving or was in actual physical control of a vehicle;

(b) that the vehicle was on a way of this state open to the public; and

(c) <u>that the petitioner was under the influence of alcohol;</u>

(2) whether the individual was placed under arrest; and

(3) whether the individual refused to submit to a chemical test. (Emphasis added.)

<u>Gebhardt</u>, 775 P.2d at 1265.

There is no question in this case that Armstrong was in control of a vehicle on a way open to the public, was arrested and refused to submit to a chemical test. At issue is whether the officer had reasonable grounds to believe Armstrong was committing

a traffic violation or other violation of law when he made the stop.

The right of a police officer to make a warrantless arrest is defined in § 46-6-401(1)(d), MCA, which provides that: "A peace officer may arrest a person when he believes on reasonable grounds that the person is committing an offense or that the person has committed an offense and the existing circumstances require his immediate arrest." The reasonable grounds for an investigatory stop of a motor vehicle may be a particularized suspicion, comprised of: (1) objective data from which an experienced officer can make certain inferences; and (2) a resulting suspicion that the occupant of the vehicle is or has been engaged in wrongdoing. State v. Gopher (1981), ___ Mont. ___, 631 P.2d 293, 296.

Here, there is no scintilla of objective data to justify an investigatory stop under § 46-6-401(1)(d), MCA. While a properly founded suspicion to stop for investigative detention may ripen into probable cause (State v. Lee (1988), 232 Mont. 105, 754 P.2d 512; State v. Sharp (1985), 217 Mont. 40, 702 P.2d 959), there was an admitted absence of properly founded suspicion on the part of the arresting officer in this case. Armstrong was merely driving down an alleyway late at night when he was detained. Unlike Blake (auto swerve) or Gebhardt (asleep behind wheel of mired, running vehicle), the officer here had no basis to suspect Armstrong was possibly driving under the influence at the time the stop was made.

One of the determinations the district court must make during the hearing authorized under § 61-8-403, MCA, is whether the arresting officer here had reasonable grounds to believe that the petitioner was driving while under the influence of alcohol. Clearly, the officer here did not. The District Court's finding that reasonable grounds existed is clearly erroneous, and Armstrong's petition should have been granted.

The significance of this decision should be clearly understood. A police officer making a legal stop of a vehicle, as for a traffic violation, for example, is not prevented by this Opinion from further determining after the legal stop that the driver is under the influence of alcohol, placing him under arrest, and then requesting that the driver submit to a chemical test under § 61-8-402, MCA.

Reversed.

John le- Sheehy
_____
Justice

We Concur:

John Conway Harrison
_____

_____

William E. Hunt
_____

R.C. McDonough
_____
Justices