No. 91-297

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

BRADLEY H. ARMSTRONG,

        Petitioner and Appellant,

-vs-

STATE OF MONTANA, DEPARTMENT OF JUSTICE,

        Respondent and Respondent.



APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Michael H. Keedy, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Erik Rocksund, Columbia Falls, Montana

        For Respondent:

        Hon. Marc Racicot, Attorney General; Peter Funk,
Assistant, Helena, Montana
Ted O. Lympus, County Attorney; Thomas J. Esch,
Deputy, Kalispell, Montana


Submitted on Briefs: October 10, 1991

Decided: November 14, 1991

Filed:

_____
Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Bradley H. Armstrong appeals from an order of the District Court of the Eleventh Judicial District for Flathead County, Montana, denying him attorney's fees and costs. We affirm.

The issue before the Court is whether the District Court erred in refusing to award attorney's fees and costs to the appellant.

A brief recitation of the facts of the underlying case from which this appeal originally stems is necessary. In Armstrong v. State (1990), 245 Mont. 420, 800 P.2d 172, (hereinafter Armstrong I), a Columbia Falls Police officer observed the appellant driving down an alley at approximately 2:00 a.m. The officer stopped the appellant and arrested him for driving while under the influence. The appellant refused to take a breathalyzer test and subsequently had his license taken away. Later, the DUI charges were dropped and the appellant petitioned the District Court for reinstatement of his license. At a hearing to determine the reinstatement issue, the State conceded that the arresting officer lacked probable cause to stop the appellant, but maintained the stop was lawful due to the officer's particular suspicion. The District Court denied the request and on appeal, this Court reversed and reinstated the appellant's license. Armstrong I, 245 Mont. at 423, 800 P.2d at 174.

One day prior to our issuance of Remittitur in Armstrong I the appellant petitioned the District Court to recover the attorney's fees and costs he incurred. The District Court denied the petition

2

and this appeal results.

An award of attorney's fees and costs is within the discretion of the trial court. State Dept. of Revenue v. Frank (1987), 226 Mont. 283, 293, 735 P.2d 290, 297; citing Joseph Russell Realty Co. v. Kenneally (1980), 185 Mont. 496, 605 P.2d 1107. Such an award is also governed by § 25-10-711, MCA, which states:

> (1) In any civil action brought by or against the state . . . the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney's fees as determined by the court if:
>
> (a) he prevails against the state . . . and;
>
> (b) the court finds that the claim or defense of the state . . . that brought or defended the action was frivolous or pursued in bad faith.

By prevailing in Armstrong I, the appellant satisfies the first requirement of the statute, but there must also be a showing of bad faith or frivolousness. A claim pursued frivolously or in bad faith is outside "the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion." Dept. of Revenue v. New Life Fellowship (1985), 217 Mont. 192, 195, 703 P.2d 860, 862; citing Albertson's Inc. v. Dept. of Business Regulation (1979), 184 Mont. 12, 18, 601 P.2d 43, 46.

The record discloses that the District Court did not find that the defense of the State was frivolous or pursued in bad faith. Section 25-10-711(b), MCA, requires such finding before an award of attorney's fees can be made.

The record supports the District Court not making a finding that the State's defense of the action was frivolous or pursued in bad

3

faith.  We hold that the denial of attorney's fees and costs was proper and we will not disturb the District Court's order to that effect.

Affirmed.

_____
                                        Justice

We concur:

_____
            Chief Justice

_____

_____

_____
            Justices