No.  95-481

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

E. T. AASHEIM and ETTABEL AASHEIM,
d/b/a MONTANA REAL ESTATE EXCHANGE,

Plaintiffs and Appellants,

v.

LeROY REUM and CLIFF REUM, d/b/a ROY'S
READY MIX and LAKE COUNTY ABSTRACT CO.,

Defendants and Respondents.

FILED

AUG 20 1996

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
               In and for the County of Lake,
               The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

            Bryan Charles Tipp and Raymond P. Tipp;
            Tipp and Buley, Missoula, Montana

        For Respondent:

            James A. Manley; Manley, O'Rourke-Mullins,
            Polson, Montana


                              Submitted on Briefs:  June 27, 1996

                                        Decided:   August 20, 1996

Filed:

_____
            Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

This is an appeal from the Findings of Fact and Conclusions of Law and Judgment by the Twentieth Judicial District Court, Lake County, holding that the plaintiffs/real estate brokers were not entitled to a commission for an aborted sale as a ready and willing buyer was not procured. We affirm.

The issue on appeal is as follows:

Did the District Court err when it concluded that Aasheim was not entitled to recover his commission for the aborted sale?

FACTS

LeRoy Reum operated a concrete business and owned the real property upon which the business was located. Reum entered into a listing agreement with real estate brokers E. T. Aasheim and Ettabel Aasheim for the purpose of completing a sale to Larry L. Smith. In October 1988, Reum and Smith entered into a buy/sell agreement for Reum's business and property for $200,000. This agreement required Reum to carry fire insurance on the real property, fixtures, and equipment. Smith paid $2,000 earnest money upon signing the agreement and the closing date was set for December 15, 1988.

On November 28, 1988, a fire destroyed the main building on the property, a vehicle, and some miscellaneous tools. Reum did not have fire insurance on the real property, although he did have insurance for the personal property. Reum offered to rebuild the main structure, replace the personal property, and go through with the deal. Smith declined this offer and negotiations continued

2

between the parties' attorneys over the next two months. Smith and Reum agreed to new terms and a reduction of the purchase price to $140,000 in early February 1989. A modified agreement was drafted but was never executed by the parties.

During the next three months there was continued correspondence between the parties; however, a closing date was never set. By late April 1989, Reum was informed by his bank that he was at risk of losing his property unless he concluded the sale and paid his debt. Reum wrote Smith on April 21 that the sale must close no later than April 25, 1989. In May, Reum notified Smith that the sale was terminated because of Smith's financial inability to close. Reum entered into another buy/sell agreement at this time.

The attorney for the new buyer contacted Aasheim and Smith seeking liability releases. Smith provided the new buyer with a release but Aasheim refused to release Reum from his alleged obligation to pay a brokerage fee. Aasheim faxed a letter to the closing agent claiming a $10,000 commission on the closing proceeds. The new buyer insisted that $10,365 out of the total sale amount to be disbursed to Reum be withheld due to Aasheim's claim. This money was placed in an interest bearing trust account which was subsequently paid over to the Clerk of District Court, Lake County. Smith's $2,000 earnest money was returned by the title company to Aasheim who placed it in his own noninterest bearing account.

The District Court determined that a modified agreement was reached between Reum and Smith and that Smith was not a financially able buyer in the spring of 1989. The District Court therefore held that Aasheim was not entitled to the commission. Aasheim appeals.

ISSUE

Did the District Court err when it concluded that Aasheim was not entitled to recover his commission for the aborted sale?

We review a district court's findings of fact to determine whether they are clearly erroneous. Daines v. Knight (1995), 269 Mont. 320, 324, 888 P.2d 904, 906. This Court has adopted a three-part test to determine whether the findings are clearly erroneous. Interstate Prod. Credit Ass'n v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287. The test provides that: (1) the Court will determine whether the findings are supported by substantial evidence; (2) if the findings are supported by substantial evidence the Court will determine if the trial court has misapprehended the evidence; and (3) if the findings are supported by substantial evidence and that evidence has not been misapprehended, this Court may still find that a finding is clearly erroneous when, although there is evidence to support it, a review of the record leaves the Court with the definite and firm conviction that a mistake has been committed. DeSaye, 820 P.2d at 1287.

The standard of review for a district court's conclusions of law is whether the court's interpretation of the law is correct.

4

Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603-04.

This Court, in Ehly v. Cady (1984), 212 Mont. 82, 687 P.2d 687, has previously held that:

> [A] broker employed to 'sell or effect a sale' and exchange (as is the case here) does not earn his commission until the purchase price is paid, title is conveyed and the sale is completed. *See Diehl and Associates, Inc. v. Houtchens* (1977), 173 Mont. 372, 567 P.2d 930. In an expansion of this holding, however, we must also conclude that a broker is still entitled to his commission even if the sale is not completed if a ready, willing and able buyer is procured and the failure to consummate was solely due to the wrongful acts or interference of the seller.

Ehly, 687 P.2d at 698 (quoting Associated Agency of Bozeman, Inc. v. Pasha (1981), 191 Mont. 407, 414, 625 P.2d 38, 43).

The District Court found that there was no wrongful act or interference by Reum which caused the sale to fail and that it was Smith's financial inability which actually prevented the completed sale. It held that there was a modified contract which acted as an accord and satisfaction discharging any previous claims of breach of contract from the initial sales agreement and therefore, based its determination of Smith's financial ability during the later negotiation period.

Aasheim argues that the District Court erred in finding that Smith was not a ready, willing, and able buyer in the spring of 1989. He asserts that at the time of the initial closing date Smith was willing and able to purchase the business and that the

5

cause of the sale's failure was Reum's wrongful act of failing to procure fire insurance on the property.

Reum responds that the District Court's findings that the failure to close was not the result of any wrongful act or interference by Reum and that Smith was not financially able to close the transaction are supported by substantial evidence and are not clearly erroneous.

After the fire occurred, Reum was willing to complete the sale and offered to reconstruct the building and replace the property destroyed in the fire, in effect self-insuring the property. Smith chose to decline Reum's offer and instead offered to negotiate new terms for the sales contract, including a lower price. The District Court's finding of fact, albeit mislabeled as a conclusion of law, that the cause of the failure to close was not Reum's failure to procure insurance, is supported by substantial evidence.

The District Court's finding, again mislabeled as a conclusion of law, that the failure of the sale to close was actually the result of the lack of a ready, willing, and able buyer was also supported by substantial evidence. Smith was not willing to purchase the property at the time of the initial closing, nor was he ready, willing, and able to purchase the property in the period of negotiations over the next few months as a result of his precarious financial position.

There is also substantial evidence to support the District Court's finding that the negotiations produced a modified version of the original sales agreement. Whether or not this agreement was

6

fully executed is irrelevant, as the record establishes that there was no wrongdoing or interference by Reum which caused the sale to fail, as Smith was unwilling to complete the sale at the time of the initial closing, and that he was clearly financially unable to perform as the negotiations continued. The District Court's finding that the failure to set a specific date for closing was not a result of failed negotiations, but rather was the result of Smith being financially unable to perform, is also supported by substantial evidence. The District Court did not misapprehend any of this evidence and we have no firm conviction that a mistake has been made. DeSaye, 820 P.2d at 1287. We therefore determine that the District Court's findings are not clearly erroneous.

We hold that based upon these findings the District Court did not err in its interpretation of the law. Having found that the failure to consummate the sale was not a result of any wrongful acts or interference by Reum and that Aasheim's buyer, Smith, was not financially able to close the transaction, the court correctly concluded that Aasheim was not entitled to a commission under the terms of the agreement. Ehly, 687 P.2d at 698.

Affirmed.

_____
Justice

We concur:

_____

William E. Hewitt

W. William Leaphart

_____

Justices

August 20, 1996

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Bryan Charles Tipp and Raymond P. Tipp
Tipp & Buley
2200 Brooks, Box 3778
Missoula MT 59806-3778

James A. Manley
Attorney At Law
201 Fourth Avenue East
Polson MT 59806

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: *T. Gallagher*
Deputy