No. 96-250

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ANNETTE JONES,

     Plaintiff and Appellant,

v.

CITY OF BILLINGS, an
Incorporated Municipality,

     Defendant and Respondent.

FILED

NOV 21 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Paul E. Toennis; Oliver, Graves, Toennis &
          Gustafson, Billings, Montana

          Patrick E. Kenney; Kenney Law Firm,
          Billings, Montana

     For Respondent:

          K. D. Peterson; Peterson & Schofield,
          Billings, Montana

Submitted on Briefs:  August 29, 1996

Decided:  November 21, 1996

Filed:

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Annette Jones (Jones) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying her postjudgment motion for attorney fees. We affirm.

The sole issue on appeal is whether the District Court abused its discretion in denying Jones' motion for attorney fees.

### FACTUAL AND PROCEDURAL BACKGROUND

Jones was employed by Mountain Harvest, a pizza crust factory in Billings, Montana. On October 15, 1993, she left work in her vehicle shortly after 3:00 p.m., accompanied by a passenger, Anthony Payton (Payton). Jones proceeded north on South 24th Street West. As she approached the intersection of South 24th Street West and Monad Road, she moved her vehicle into the left turn lane, intending to turn left and head west on Monad Road.

The intersection of South 24th Street West and Monad Road was controlled by a so-called "lagging protected/permissive" traffic light. At the end of the traffic light cycle, the northbound, eastbound and westbound lights would all be red, but the southbound light would remain green for a preset amount of time or until southbound traffic turning left to head east on Monad Road cleared the intersection. The car ahead of Jones in the left turn lane completed its turn and, while the northbound light was still green, Jones pulled into the intersection, waiting to turn left. While she waited for oncoming traffic to clear the intersection, the northbound light turned yellow and then red. Seeing no southbound

2

traffic approaching at a distance close enough to concern her, Jones began to clear the intersection. Her vehicle was struck broadside by a car traveling south on South 24th Street West which had proceeded through the intersection at Monad Road on a green light.

Jones and Payton were injured in the accident and Jones' vehicle was totaled. Jones submitted a claim to the City of Billings (City) for damages resulting from the City's alleged negligence in improperly timing the traffic light at the intersection of South 24th Street West and Monad Road. The City denied the claim and Jones filed suit. In answering the complaint, the City denied that it was negligent and affirmatively alleged that Jones' negligence caused her injuries and damages.

After a four-day trial, the jury found that the City negligently established and maintained the traffic signal system at the intersection and that its negligence was a proximate cause of the accident. The jury also found that Jones acted negligently, but that her negligence was not a proximate cause of the accident. Finally, the jury awarded Jones $20,000 for the personal injuries she sustained as a result of the accident.

The District Court entered judgment in Jones' favor for $20,000, postjudgment interest and costs. Jones subsequently moved for attorney fees and costs pursuant to § 25-10-711, MCA. The District Court granted her motion for reasonable costs because the City did not object, but denied the motion for attorney fees. Jones appealed.

3

## DISCUSSION

Did the District Court abuse its discretion in denying Jones' motion for attorney fees?

Jones moved for attorney fees under § 25-10-711, MCA, contending that the City's defense against her negligence claim was frivolous or in bad faith. Section 25-10-711, MCA, provides, in pertinent part:

> (1) In any civil action brought by or against the state, a political subdivision, or an agency of the state or a political subdivision, the opposing party, whether plaintiff or defendant, is entitled to . . . reasonable attorney's fees as determined by the court if:
> (a) he prevails against the state, political subdivision, or agency; and
> (b) the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith.

Here, Jones clearly prevailed against the City and, as a result, she satisfied § 25-10-711(1)(a), MCA. Thus, she was entitled to attorney fees pursuant to § 25-10-711(1), MCA, if the City's defense was frivolous or in bad faith pursuant to § 25-10-711(1)(b), MCA. A claim or defense is frivolous or in bad faith under § 25-10-711(1)(b), MCA, when it is "outside 'the bounds of legitimate argument on a substantial issue on which there is a bona fide difference of opinion.'" See Armstrong v. State, Dept. of Justice (1991), 250 Mont. 468, 469-70, 820 P.2d 1273, 1274 (quoting Dept. of Revenue v. New Life Fellowship (1985), 217 Mont. 192, 195, 703 P.2d 860, 862; citing Albertson's Inc. v. Dept. of Business Regulation (1979), 184 Mont. 12, 18, 601 P.2d 43, 46).

The District Court ultimately found, pursuant to § 25-10-711(1)(b), MCA, that the City's defense was not frivolous or in bad

4

faith because (1) the City presented expert testimony that the traffic signal system complied in all respects with the Manual on Uniform Traffic Control Devices (CD Manual), which state law required the City to follow; (2) the jury found that Jones was negligent as the City claimed; and (3) the jury only awarded Jones approximately one-third of the damages she sought. In essence, these are findings of fact because they relate to matters of record. We review a trial court's findings of fact under the "clearly erroneous" standard, the first part of which is whether the findings are supported by substantial evidence. Rule 52(a), M.R.Civ.P.; Aasheim v. Reum (Mont. 1996), 922 P.2d 1167, 1169, 53 St.Rep. 771, 772 (citation omitted). Given the Armstrong test, however, it is clear that an element of discretion remains in a trial court's § 25-10-711(1)(b), MCA, determination regarding a frivolous or bad faith defense. Thus, our usual abuse of discretion standard for reviewing a trial court's denial of a motion for attorney fees also applies here to the District Court's ultimate denial of Jones' motion for attorney fees under the statutory frivolous or bad faith standard. See McKamey v. State (1994), 268 Mont. 137, 148, 885 P.2d 515, 522 (citing Armstrong, 820 P.2d at 1274).

Here, the City defended against Jones' negligence claim on three bases: it was not negligent; Jones was negligent and her negligence caused the accident; and Jones' damages were excessive and not proximately caused by the accident. The District Court essentially found that the City's defenses were supported at trial.

5

In response to Jones' claim that the City caused the accident by negligently establishing and maintaining a mistimed traffic light at the intersection, the City presented expert testimony that the traffic light phasing at the intersection was safe and conformed to the requirements of state law. The City's traffic engineer testified that he considered such variables as the volume of traffic on both South 24th Street West and Monad Road and the speed limit on these streets in determining which traffic light display would be the safest to use at the intersection. He testified that when the traffic light phasing at the accident intersection was modified in 1991, he reviewed and approved the modification because it complied with the CD Manual the City was required to follow. The City's traffic transportation engineering consultant also testified that the traffic light phasing at the accident intersection met the requirements of the CD Manual. In addition, the City's traffic electrician advisor testified that, after the 1991 modification, he monitored the intersection for approximately six months and determined that drivers at that intersection were not experiencing problems due to the traffic signal phasing sequence. Thus, the District Court's finding that the City presented evidence that it was not negligent in establishing and maintaining the traffic signal is supported by substantial evidence.

Jones argues that the City's defense was frivolous and in bad faith because its expert witnesses did not claim to know the proper method of making a left turn under the circumstances confronting

her at the accident intersection. This argument focuses, however, on Jones' efforts at trial to bolster her claim that the City's negligence in establishing and maintaining the traffic light caused the accident; it does not focus on the substantiality of the defense against negligence which the City's evidence advanced. As a result, Jones' argument was not within the scope of the District Court's determination of whether the City's defense was frivolous or in bad faith. See Weber v. State (1992), 253 Mont. 148, 154-55, 831 P.2d 1359, 1363.

In addition to its evidence relating to a lack of negligence, the City presented evidence that Jones was negligent and caused the accident by failing to yield the right-of-way to oncoming traffic. The investigating police officer testified that, if Jones did not see the oncoming car which ultimately struck her vehicle, she negligently caused the accident by turning left in front of approaching traffic. Moreover, Jones testified that she did not see the southbound car which struck her vehicle until seconds before the impact and that it was her responsibility to judge oncoming traffic to determine if it was going to stop. In addition, one of Jones' expert witnesses testified that Jones could not rely entirely on the northbound red light in order to complete her left turn, but needed to observe oncoming traffic; if she improperly judged what the oncoming traffic was going to do, then she was responsible for the accident. Thus, substantial evidence supported the City's position that Jones' negligence caused the accident.

7

As part of its defense, the City also presented evidence that Jones' damage claim, which included substantial lost wages, was excessive and not proximately caused by the accident. Two of Jones' supervisors--one from Mountain Harvest and one from a Billings casino where she worked as a food server and bartender for approximately eight months after leaving Mountain Harvest--testified that they did not observe any evidence that she suffered from physical injuries as a result of the accident. Her Mountain Harvest supervisor also testified that Jones continued to operate a machine on the production line and stack heavy boxes of pizza crusts until February of 1994. Jones' own testimony was that she left both of the jobs because of stress and a painful cervical cell growth. Thus, substantial evidence supported the City's defense to Jones' damage claim and, indeed, the jury ultimately awarded her less than one-third of the amount she sought.

Jones contends that the District Court improperly relied on the reduced award of damages as support for its finding that the City's defense was not frivolous or in bad faith. She cites to no authority in support of this contention, however, and we held to the contrary in Weber. There, Weber originally valued his case at $500,000 and later offered to settle for $170,000; the jury ultimately awarded him $33,230. Weber, 831 P.2d at 1363. We observed that the district court properly pointed to those figures as demonstrating that the State's defense was not frivolous. Weber, 831 P.2d at 1363. Here, as in Weber, the District Court properly relied on the jury's reduced award of damages in

8

determining that the City's defense of the case was not frivolous or in bad faith.

Finally, Jones contends that the City was aware of an informational report, published by the Western District Institute of Transportation Engineers, which claimed that traffic signal phasing of the type used at the accident intersection was not appropriate at such intersections. Jones maintains that because the City did not implement the recommendation presented in the report, its proper timing defense was frivolous. We observe that, while Jones moved to admit this report into evidence at trial, the District Court excluded it on hearsay grounds. Jones did not appeal this evidentiary ruling. As a result, the report is not properly before us and we decline to address Jones' argument based thereon.

We conclude that the District Court's findings relating to the City's defense are supported by substantial evidence and are not otherwise clearly erroneous. Here, the City presented substantial evidence in support of its bona fide differences of opinion with Jones regarding the substantial issues of whose negligence caused the accident and the amount of Jones' damages. See Armstrong, 820 P.2d at 1274. Therefore, we further conclude, under the Armstrong test, that the District Court did not abuse its discretion in determining that the City's defense was not frivolous or in bad faith pursuant to § 25-10-711(1)(b), MCA, and, on that basis, denying Jones' motion for attorney fees.

9

Jones also contends that she is entitled to attorney fees under the private attorney general doctrine or the "justice and equity" theory. She did not raise these theories in the District Court and it is well-settled that we will not address on appeal issues not presented to the district court. Tisher v. Norwest Capital Mgt. & Trust (1993), 260 Mont. 143, 156, 859 P.2d 984, 992 (citing Duensing v. Travelers Co. (1993), 257 Mont. 376, 386, 849 P.2d 203, 209). Therefore, we decline to address Jones' alternative theories of entitlement to attorney fees.

As a final matter, we note that the City requests attorney fees, costs and expenses for having to defend against a frivolous appeal. Jones responds that this matter is raised for the first time on appeal and, therefore, that we should not address it. Jones apparently fails to understand that a respondent's request for fees and costs as a sanction for an appellant's frivolous appeal can hardly be raised at any time prior to the appeal. Here, however, the City's request consists of one sentence in the conclusion to its brief. The City does not even cite to the rule under which its request is made, much less provide an analysis supporting the request under the circumstances of this case. As a result, we will not address the City's request.

Affirmed.

_____
Justice

10

We concur:

_____
Chief Justice

_____

_____

_____
Justices

11

November 21, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Patrick E. Kenney
Attorney at Law
490 No. 31st St., Ste. 112
Billings, MT 59101

Paul E. Toennis, Esq.
Oliver, Graves, Toennis & Gustafson
P.O. Box 7227
Billings, MT 59103-7227

K. D. Peterson, Esq.
Peterson and Schofield
2906 Third Ave. No.
Billings, MT 59102

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy