No. 01-566

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 53

KENT D. NEAL,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and for the County of Sanders, Cause No. DV-01-16,
Honorable C. B. McNeil, Judge Presiding

COUNSEL OF RECORD:

    For Appellant:

    Paul Neal Cooley, Skelton & Cooley, Missoula, Montana

    For Respondent:

    Gary L. Henricks, Deputy City Attorney, Missoula, Montana

Submitted on Briefs:   January 31, 2002

Decided:   March 25, 2003

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant Kent D. Neal (Neal) appeals from the order of the Twentieth Judicial District Court, Sanders County, in favor of Respondent State of Montana, denying Neal an award of costs following his successful challenge to the suspension of his driver's license. We reverse and remand.

¶2 The sole issue on appeal is whether the District Court erred when it denied Neal's request for costs.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On January 18, 2001, after being arrested for Driving Under the Influence (DUI), Neal's driver's license was suspended for refusing to take a breath test. On February 2, 2001, Neal filed a petition for reinstatement of his driver's license, challenging the suspension of his license under § 61-8-402, MCA, by claiming he did not refuse to take a breath test. After a hearing on March 27, 2001, the District Court ordered that Neal's license be reinstated, finding he did not refuse to take the breath test. On April 2, 2001, the District Court signed the Order reinstating Neal's license, which included a provision granting Neal his costs, even though costs were not discussed during the hearing. The State objected to the award of costs, and on May 9, 2001, the District Court issued an Order amending its original Order and denying costs. Neal now appeals the District Court's denial of costs.

2

## STANDARD OF REVIEW

¶4 This Court reviews issues of law to determine whether the district court's application or interpretation of the law is correct. *MacPheat v. Schauf*, 2002 MT 23, ¶ 7, 308 Mont. 215, ¶ 7, 41 P.3d 895, ¶ 7.

## DISCUSSION

¶5 Did the District Court err when it denied Neal's request for costs following his successful challenge to the suspension of his driver's license?

¶6 Neal argues that as the prevailing plaintiff in a lawsuit, he is entitled to costs under § 25-10-101, MCA. Section 25-10-101, MCA, reads as follows:

> **When costs allowed, of course, to plaintiff**. Costs are allowed, of course, to the plaintiff upon a judgment in his favor in the following cases:
> (1) in an action for the recovery of real property or damages thereto;
> (2) in an action to recover the possession of personal property where the value of the property exceeds $50; such value shall be determined by the jury, court, or referee by whom the action is tried;
> (3) in an action for the recovery of money or damages, exclusive of interest, when plaintiff recovers over $50;
> (4) in a special proceeding;
> (5) in an action which involves the title or possession or right of possession of real estate; or the legality of any tax, impost, assessment, toll, or municipal fine; or quo warranto proceedings;
> (6) in an action to foreclose a lien or pledge, to prevent or abate a nuisance, or for an injunction; or
> (7) in an action for property damage arising out of the ownership, maintenance, or use of a motor vehicle if he is entitled to attorney's fees under 25-10-303.

¶7 Section 25-10-101, MCA, allows the award of costs as a matter "of course" to a plaintiff who prevails in one of the seven enumerated causes. Neal argues that a driver's license is personal property with a value exceeding $50, which would allow recovery of his

3

costs under § 25-10-101(2), MCA, or, alternatively, that a petition to reinstate a driver's license is a "special proceeding," which would allow recovery of his costs under § 25-10-101(4), MCA.

¶8     The State argues that this Court has previously held that a prevailing party is entitled to an award of attorney fees and costs against the State, only if the requirements of § 25-10-711, MCA, are satisfied, citing *Armstrong v. State* (1991), 250 Mont. 468, 820 P.2d 1273, and *Jones v. City of Billings* (1996), 279 Mont. 341, 927 P.2d 9.  Section 25-10-711, MCA, provides:

> **Award of costs against governmental entity when suit or defense is frivolous or pursued in bad faith.**  (1) In any civil action brought by or against the state, a political subdivision, or any agency of the state or a political subdivision, the opposing party, whether plaintiff or defendant, is entitled to the costs enumerated in 25-10-201 and reasonable attorney's fees as determined by the court if:
> (a) he prevails against the state, political subdivision, or agency; and
> (b) the court finds that the claim or defense of the state, political subdivision, or agency that brought or defended the action was frivolous or pursued in bad faith.

Relying on *Armstrong* and *Jones,* the State claims that Neal failed to establish that the State's defense in this matter was frivolous or pursued in bad faith, or even to raise the issue in the District Court, and thus, is not eligible for an award of costs.

¶9     In *Armstrong*, we determined it is necessary for the record to disclose a finding that the defense of the State was frivolous or pursued in bad faith before an award of attorney fees and costs can be made pursuant to § 25-10-711, MCA.  *Armstrong*, 250 Mont. at 470,

4

820 P.2d at 1274. We were faced with a claim for attorney fees in *Jones*, wherein we again analyzed the legitimacy of the defense for purposes of this statute:

> We conclude that the District Court's findings relating to the City's defense are supported by substantial evidence and are not otherwise clearly erroneous. Here, the City presented substantial evidence in support of its bona fide differences of opinion with Jones regarding the substantial issues of whose negligence caused the accident and the amount of Jones' damages. See *Armstrong, 820 P.2d at 1274*. Therefore, we further conclude, under the *Armstrong* test, that the District Court did not abuse its discretion in determining that the City's defense was not frivolous or in bad faith pursuant to § 25-10-711(1)(b), MCA, and, on that basis denying Jones' motion for attorney fees.

*Jones*, 279 Mont. at 347, 927 P.2d at 12-13. The State asserts that by failing to make an argument before the District Court that the State's revocation of Neal's driver's license was frivolous or done in bad faith, the statutory requirements of § 25-10-711, MCA, were not met, and Neal is prevented from recovering attorney fees or costs.

¶10 The State is correct in its assertion that in order to recover attorney fees and costs under § 25-10-711, MCA, Neal must be the prevailing party and must prove the State brought or defended the suit in bad faith or frivolously. Further, the State correctly notes that Neal did not make such an argument in the District Court. However, Neal is not claiming any attorney fees, nor making any claim pursuant to § 25-10-711, MCA, and never has. He is claiming only that he is entitled to costs under § 25-10-101, MCA.

¶11 The State attempts to block the application of § 25-10-101, MCA, by arguing that § 25-10-711, MCA, applies over § 25-10-101, MCA. Relying on § 1-2-102, MCA, which provides that "[w]hen a general and particular provision are inconsistent, the latter is

paramount to the former, so a particular intent will control a general one that is inconsistent with it," the State asserts that the particular language of § 25-10-711, MCA, is controlling over the general language of § 25-10-101, MCA, and therefore, the latter provision has no application here.

¶12    It is this Court's duty to construe the law as it finds it. *State ex rel., Palmer v. Hart* (1982), 201 Mont. 526, 530, 655 P.2d 965, 967. "Where the language of a statute is plain, unambiguous, and certain, the statute speaks for itself." *Palmer*, 201 Mont. at 530, 655 P.2d at 967. The function of this Court is to ascertain and state what in terms or substance is contained within a statute. *Palmer*, 201 Mont. at 530, 655 P.2d at 967.

¶13    We find no inconsistency in the plain language of the two statutes at issue. Section 25-10-711, MCA, applies to actions in which a party prevails against a government entity and can establish that the government's claim or defense was frivolous or pursued in bad faith. In such cases, the prevailing party is entitled to attorney fees and costs. However, a finding that a claim or defense was frivolous or in bad faith need not be made for recovery of costs under § 25-10-101, MCA, which provides that costs are awarded "of course" to the plaintiff who prevails in one of the causes enumerated therein. It is under this provision that Neal has sought recovery.

¶14    Neal advances that he is entitled to recovery under either of two subsections of § 25-10-101, MCA. He first contends that his driver's license is worth more than fifty dollars, and therefore, he is entitled to his costs under § 25-10-101(2), MCA, as the prevailing plaintiff "in an action to recovery the possession of personal property where the value

6

exceeds $50." However, this subsection requires that "such value shall be determined by the jury, court, or referee by whom the action is tried." There is no evidence in the record regarding the "value" of the license, and even if a value exceeding fifty dollars could be assumed, no determination was made by the court in that regard, as required by the statute. Without addressing whether this provision would be otherwise applicable, we find these reasons alone sufficient to render the provision inapplicable here.

¶15   Secondly, Neal argues that a petition to reinstate a driver's license is a "special proceeding," and that he is entitled to recover his costs pursuant to § 25-10-101(4), MCA. Various statutory provisions address "special proceedings." Section 27-1-102, MCA, references both actions and special proceedings, as follows:

> **Actions and special proceedings defined**. (1) These remedies are divided into two classes:
> (a) actions; and
> (b) special proceedings.
> (2) An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. Every other remedy is a special proceeding.

An action is further defined in § 27-1-103, MCA:

> **Civil and criminal actions**. (1) Actions are of two kinds:
> (a) civil; and
> (b) criminal.
> (2) A civil action is prosecuted by one party against another for the enforcement or protection of a right or the redress or prevention of a wrong. Titles 45 and 46 define and provide for the prosecution of a criminal action. When the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other.

7

According to these provisions, an action in the civil context is brought to enforce a right or redress a wrong.[1] The Montana Rules of Civil Procedure note that a civil action is initiated by the filing of a complaint:

> **Rule 2. One form of action.** There shall be one form of action to be known as "Civil Action."
>
> **Rule 3. Commencement of action.** A civil action is commenced by filing a complaint with the court.

¶16 A license reinstatement proceeding is governed by § 61-8-403, MCA, and states, in relevant part:

> **Right to appeal to court.** (1) Within 30 days after notice of the right to a hearing has been given by a peace officer, a person may file a petition to challenge the license suspension or revocation in the district court in the county where the arrest was made.
> (2) The court has jurisdiction and shall set the matter for hearing. The court shall give at least 10 days' written notice of the hearing to the county attorney . . . [or] . . . to the city attorney. . . .

In contrast to the provisions defining a single form of action governed by the Rules of Civil Procedure, including initiation by complaint and the procedural time frame which follows, Neal's challenge to the suspension of his license was maintained by the filing of a petition which invoked a specific statutory procedure and time frame distinct from that provided by the Rules of Civil Procedure. We thus conclude that a challenge to a license suspension or revocation under § 61-8-403, MCA, is a special proceeding as contemplated under § 27-1-102(2), MCA.

---

[1]Sections 25-1-101 and 25-1-102, MCA, also offer a similar definition of "civil action," but limit the application thereof to that section of the Code. See § 25-1-102(2), MCA.

¶17 Previously, we determined that "a temporary guardianship proceeding qualifies as a special proceeding under § 27-1-102(2), MCA." *In re the Matter of Klos* (1997), 284 Mont. 197, 201, 943 P.2d 1277, 1279. We have also concluded that a proceeding to establish a trust pursuant to §§ 82-1-302 through 305, MCA, is a special proceeding, stating:

> Section 27-1-102, MCA, defines the words "actions" and "special proceedings". An "action is an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement o[r] protection of a right, the redress or prevention of a wrong . . . Every other remedy is a special proceeding." Under that provision we determine that the requirements of sections 82-1-302 and 82-1-305, MCA, are "special proceedings" . . . .

*In the Matter of Montana Pacific Oil and Gas Co.* (1980), 189 Mont. 11, 19, 614 P.2d 1045, 1049.

¶18 Other state courts have determined that driver's license revocation or suspension proceedings are special proceedings under their statutory schemes. In *In the Matter of the Suspension of Driver's License of Metcalf*, 1972 OK 119, 501 P.2d 208, the Oklahoma Supreme Court concluded that an appeal from the administrative suspension of a driver's license to the district court was a special proceeding. Similarly, in *State of Nebraska v. Hansen* (1996), 249 Neb. 177, 542 N.W.2d 424, the Nebraska Supreme Court determined a challenge to the revocation of a driver's license is a special proceeding, noting:

> This court has construed the phrase "special proceeding" to mean every civil statutory remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes [governing civil procedure]. The . . . authority to revoke Hansen's license does not derive from chapter 25. Rather, the authority is derived from chapter 60. Thus, we are dealing with a special proceeding.

*Hansen,* 542 N.W.2d at 429 (citations omitted).

9

¶19    Having determined that a petition to reinstate a suspended or revoked driver's license is a special proceeding under § 27-1-102(2), MCA, we hold that Neal, as the prevailing party therein, is entitled to costs as a matter of course under § 25-10-101(4), MCA.  The District Court thus erred in concluding that Neal was not entitled to costs.

¶20    We reverse and remand this matter to the District Court for entry of an order granting Neal his appropriate costs herein.

/S/ JIM RICE

We concur:

/S/ JAMES C. NELSON
/S/ JIM REGNIER
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART